## Monessen National Bank *v.* Lichtenstein.    Roth's Appeal.

*Mortgage—Husband and wife—Fraud—Creditors.*

In a contest between creditors of a mortgagor and purchasers of the mortgage from the wife of the mortgagor to whom the mortgage has been given ,it appeared that the purchasers of the mortgage knew that the mortgagor and mortgagee were husband and wife, that the husband was financially embarrassed when the mortgage was given, that the wife was never in any separate or money-making business of her own, that they merely made perfunctory inquiries as to the mortgage when they purchased it, and that they paid only one fourth of its face value. *Held*, that the validity of the mortgage could not be sustained in favor of the purchasers as against objecting creditors of the mortgagor.

Submitted Oct. 13, 1903.    Appeal, No. 158, Oct. T., 1903, by defendants, from order of C. P. Westmoreland Co., Aug. T., 1902, No. 20, overruling exceptions to auditor's report in case of Monessen National Bank to use of J. P. Nill v. Emanuel Lichtenstein, Jacob Roth, Henry Firestone, Henry Friedman and Simon F. Loeb.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Exceptions to report of D. J. Snyder, Esq., auditor.

From the record it appeared that the auditor was appointed to distribute the sum of $4,700 realized by the sale of real estate of Emanuel Lichtenstein.    The fund was claimed by appellants who owned a mortgage for $6,783 given by Lichtenstein to his wife and sold to appellants for $1,500.    It was also claimed by the Monessen National Bank for use of J. P. Nill on a later judgment for $3,900.    Before the auditor it was established that the mortgage from the husband to the wife was intended to defraud creditors, and it was claimed that the appellants' were not bona fide purchasers without notice of the fraud. The findings of the auditor are stated in the opinion of the Supreme Court.

The auditor reported in favor of the judgment creditor.

Exceptions to the auditor's report were dismissed by the court.

*Error assigned* was the order of the court.

*M. N. M' Geary, J. S. Moorhead* and *J. B. Head,* for appellant.

*John B. Keenan, J. R. Smith* and *C. E. Whitten,* for appellee·

PER CURIAM, November 9, 1903 :

The fact that the mortgage in controversy was fraudulent as to creditors of the mortgagor is practically conceded, and the only real question on this appeal is whether the appellants are bona fide purchasers for value without notice. The auditor found this fact against them.

The learned judge below reviewing the evidence at length and with great care finds : (1) that appellants knew the relationship of husband and wife between the mortgagor and mortgagee; (2) they knew that the husband mortgagor was financially embarrassed when the mortgage was given; (3) they knew that the wife mortgagee was never in any separate or money-making business of her own ; (4) such knowledge put° the appellants upon inquiry not only legally, but in fact, and recognizing the duty they nevertheless were " satisfied with perfunctory inquiries made to the persons who must themselves have participated in the fraud, if a fraud was the designed object of the mortgage ; (5) with knowledge of these facts they bought the mortgage at less then one fourth of its face value. (6) Finding as a conclusion of law that the obligation of inquiry was not merely to look into the circumstances surrounding the transfer of the mortgage to the appellants themselves but to the giving of the mortgage between the parties, the judge summed up the case thus : the appellants " knew that this was the husband's only real estate, and of his embarrassed circumstances. They knew that the mortgagee was the wife of the mortgagor and that she was not engaged in any business of her own, and had the means of knowing that she had not any estate or credit of her own representing anything like $6,783. They knew that this mortgage was being urged upon them by the mortgagee for less than half its face value and that rather than miss a sale of it she was willing to sell it for $1,500.

" These facts do not place the purchasers of the mortgage in the position of purchasers without notice. . . .

" The mortgage looked 'suspicous' to them, put them upon

inquiry, but that inquiry was prosecuted in such a perfunctory way, as to indicate that they were seeking to be deceived to the end that they might thereby avoid any equity of the mortgagor's creditors, and personally realize large profits on their contemplated bargain, rather than that they wanted to know the actual truth about a matter on which the validity of the mortgage as against the maker's creditors depended."

This conclusion, concurring with that of the auditor who had the witnesses before him, and based on ample evidence, we see no reason to disturb.

Judgment affirmed.